IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

| | |
|---|---|
| **MELINDA SMITH**,<br><br>        Petitioner,<br><br>v.<br><br>**WARDEN ENTZEL, Warden,**<br><br>        Respondent. | **Civil Action No. 3:18-CV-55 (GROH)** |

### REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On April 16, 2018, the *pro se* Petitioner, a federal inmate,[1] filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("the Petition"), challenging the calculation of her sentence imposed by the District Court for the Western District of Virginia, Lynchburg Division. ECF No. 1.[2] Attached to the petition was a 23-page Memorandum of Law.[3] ECF No. 1-1.

On May 3, 2019, Petitioner filed a Motion for Default Judgment. ECF No. 14.

This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to Local Rules of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

---

[1] Petitioner filed the instant Petition while housed at Federal Correctional Institution ("FCI") Hazelton, and has subsequently been transferred to Federal Prison Camp ("FPC") Alderson.

[2] ECF Numbers cited herein refer to case number 3:18-CV-55 unless otherwise noted.

[3] As previously noted by this Court [ECF No. 7], the document consists of a handwritten title page [ECF No 1-1 at 1], two handwritten pages constituting a legal argument or memorandum of law [ECF No. 1-1 at 2–3], a one page handwritten table of contents [ECF No. 1-1 at 4], and nineteen pages of exhibits [ECF No. 1-1 at 5–23] comprised of documents related to Petitioner's attempts to obtain relief through administrative channels.

## II. FACTUAL AND PROCEDURAL HISTORY[4]

**A. Conviction and Sentence**

On April 13, 2015, in the Western District of Virginia, Lynchburg Division, a fifty-two-count Indictment was returned against Petitioner in Case No. 6:15-CR-6. ECF No. 1. On May 19, 2015, pursuant to a written plea agreement, Petitioner entered a plea of guilty to Conspiracy to Commit Mail and Wire Fraud, in violation of 18 U.S.C. §§ 1349, 1341, and 1343; Wire Fraud, in violation of 18 U.S.C. § 1343; Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A; and Student Loan Fraud, in violation of 20 U.S.C. § 1097(a), as charged in Counts 1, 2, 9, and 10 of the Indictment, respectively. ECF No. 40. The remaining counts of the Indictment (3–8, 11–25, and 35–52) were dismissed on motion of the United States. ECF No. 148 at 1.

On March 23, 2016[5], Petitioner was sentenced to a total term of imprisonment of 84 months comprised of "60 months on each of Counts 1, 2, and 10, all to be served concurrently with each other, and 24 months on Count 9, to be served consecutively to the 60 month term." ECF No. 148 at 3.

**B. Direct Appeal**

Petitioner did not directly appeal her conviction or sentence. ECF No. 1 at 3.

---

[4] Unless otherwise noted, the facts in sections II.A. and II.C. refer to the docket in Petitioner's Criminal Case No. 6:15-CR-6 in the United States District Court for the Western District of Virginia, Lynchburg Division, available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[5] Judgment was imposed on March 23, 2016, but not filed until March 29, 2016. ECF No. 148.

### C. Motions to Vacate, Appeals Thereof, and Other Motions for Relief[6]

On June 29, 2017, Petitioner filed a Motion to Reduce/Review Sentence with the sentencing court requesting several forms of relief, including "a recalculation of her sentence and her time-served credits." ECF Nos. 182, 185 at 1. The Court denied Petitioner's Motion to Reduce/Review Sentence on July 5, 2017, noting that:

> the Bureau of Prisons ("BOP")—not this Court—has the authority to calculate time-served credit." *United States v. May*, 36 F. App'x 528, 528 (4th Cir. 2002); *United States v. Davidson*, No. 7:11CR00044, 2012 WL 1835743, at *1 n.1 (W.D. Va. May 18, 2012) (BOP, "not the court, [is] authorized by law to calculate sentence credit for jail time served by federal prisoners."); *Durland v. Zych*, No. 7:12CV00317, 2013 WL 1352340, at *2 (W.D. Va. Apr. 3, 2013) (BOP "is responsible for calculating the inmate's term of confinement, including the appropriate credit to be given for jail time served before sentencing."); 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 333–34 (1992); *United States v. Preacher*, 626 F. App'x 420, 421 (4th Cir. 2015).

ECF No. 185 at 2.

Petitioner filed an additional four motions in the sentencing court, none of which were responded to by the court. On November 13, 2018, Petitioner filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3742(e) Post Sentencing Rehabilitation Programming, in which she submitted 31 certificates for completion of BOP programming and asked the Court to "grant a reduction of sentence based on the foregoing." ECF No. 199 at 3. On March 7, 2019, Petitioner filed a Consolidated Motion to Order Home Confinement and Judicial Recommendation Regarding RRC[7], adding an additional request that the Court "make a judicial recommendation of twelve (12) months of RRC

---

[6] Petitioner asserts in the instant § 2241 Petition that she has not filed any petitions, applications, or motions with respect to the underlying judgment in any court. Case No. 3:18-CV-55, ECF No. 1 at 3.

[7] "RRC" in this context assumedly stands for Residential Reentry Management Center.

placement." ECF No. 200 at 1.  On May 6, 2019, Petitioner filed a Motion to Order Home Confinement and Judicial Recommendation Regarding RRC, requesting the same relief as she did in the previously filed motion to that court.  ECF No. 201.  On May 13, 2019, Petitioner filed a Motion Requesting Representation Per § 3006A.  ECF No. 202.

### III.     LEGAL STANDARDS

#### A.     Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's LR PL P, this Court is authorized to review such petitions for relief and submit findings and recommendations to the district court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.     *Pro Se* Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded

by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[8] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11.  To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.     Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of [her] sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

---

[8] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

## IV.  ANALYSIS

Petitioner filed the instant Petition on April 16, 2018, along with numerous exhibits, challenging the sentence imposed in the Western District of Virginia, Lynchburg Division, on three grounds—(1) that it's her "fundamental right to receive credit for time served prior to sentencing," (2) miscalculation of jail credit and good conduct credit, and (3) that her "sentence computation begins on the date [she was] received in custody awaiting transportation to . . . commence service at assigned detention facility."  ECF No. 1 at 5–6.  Petitioner requests that she "be credited the 348 days [she] was in Federal Custody awaiting sentencing and [her] 329 days for Good Conduct Time which totals 677 days."  Id. at 8.

The United States Supreme Court has long recognized that 18 U.S.C. § 3585(b) does not authorize a district court to compute a defendant's jail credit at sentencing.  United States v. Wilson, 503 U.S. 329, 334 (1992).  Rather, it is the United States Attorney General, acting through the BOP, who is responsible for computing an inmate's term of confinement.  This computation includes the determination of when the sentence commenced and the amount of credit for time served following a federal conviction and sentencing.  Id. at 333.  In making this computation, the BOP must adhere to 18 U.S.C. § 3585 which provides as follows:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence, at the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

6

>> (1) as a result of the offense for which the defendant was arrested; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

In Wilson, the Supreme Court expressly rejected Wilson's argument that § 3585(b) authorizes a district court to award credit at sentencing, reasoning that:

> Section 3585 indicates that a defendant may receive credit against a sentence that "*was imposed*." It also specifies that the amount of the credit depends on the time that the defendant "*has spent*" in official detention "prior to the date the sentence commences." Congress' use of a verb tense is significant in construing statutes. By using these verbs in the past and present perfect tenses, Congress has indicated that computation of the credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply § 3585(b) at sentencing.

Wilson, supra, at 333 (emphasis in original, internal citations omitted).

In the instant case, the Petitioner is seeking credit for the time she spent in federal custody awaiting sentencing from April 14, 2015, to March 23, 2016, in addition to seeking a correction of the "miscalculation of Jail Credit and Good Conduct Time." ECF No. 1 at 5–6. Consistent with the language of § 3585(b) and the holding of Wilson, the BOP calculated Petitioner's sentence to commence on the date she was sentenced in the Western District of Virginia, Lynchburg Division, on March 23, 2016. Petitioner believes that with no credits for previous jail time or good conduct time credit, her projected "completed date would be 4/14/2022 [April 14, 2022]" because she has calculated her sentence computation date to begin on the date she was detained (April 14, 2015), rather

7

than the correct date of the imposition of her sentence (March 23, 2016). ECF No. 1 at 6.

Furthermore, a review of the exhibits attached with the Petition revealed that BOP did indeed credit Petitioner with 348 days of jail credit in calculating her sentence, and further that Petitioner has a projected earning of 329 days of good conduct time, giving her a projected satisfaction date of May 14, 2021[9]—as opposed to her original projected satisfaction date of March 23, 2023, without the credits. On July 27, 2016, the Acting Warden at SFF Hazelton responded to Petitioner's Request for Administrative Remedy No. 868249-FI and explained to Petitioner that:

> [her] computation began on the date the sentence was imposed, which was March 23, 2016, with a total prior credit time of 348 days. That calculates a statutory release date of May 14, 2021. [Her] computation was certified on April 4, 2016, by the Designation and Sentence Computation Center and is correct.

ECF No. 1-1 at 8. Petitioner appealed the Acting Warden's response, and on October 4, 2016, the Regional Director responded in Regional Administrative Remedy Appeal No. 868249-R1, in which he outlined the exact same computation of sentence and additionally explained to Petitioner that her projected release date includes "329 days of good time." ECF No. 1-1 at 9. Another note was issued to Petitioner in Administrative Remedy No. 868249-A1 on December 6, 2016, from the Administrator of National Inmate Appeals that contained an identical sentence computation and projected release date. ECF No. 1-1 at 15. After a letter to Judge Moon in the Western District of Virginia, Lynchburg Division, a United States Probation Officer looked into Petitioner's sentence computation and noted

---

[9] The BOP's Inmate Locator Service also displays this release date as of June 20, 2019. Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

8

on April 11, 2017 that she personally "called the Designation and Computation Center and confirmed that [Petitioner] ha[d] in fact been credited that time," and she reiterated the exact same computation and projected release date as the three previous explanations.  ECF No. 1-1 at 17.  A second letter from the United States Probation Office on June 29, 2017 reaffirmed the previous letter and noted Petitioner's sentence was "correctly calculated." ECF No. 1-1 at 18.  The final exhibit attached to the Petition is a letter dated August 12, 2016, from the Supervisory Assistant Federal Public Defender who represented Petitioner in Case No. 6:15-CR-6.  ECF No. 1-1 at 19–20.  In this letter, he provided Petitioner with the following sentence computation breakdown:

> If you did not receive any good time, you would serve the entire 84 months, and your completion date would be:
>
> | | |
> |---|---|
> | 03/23/16 | plus 84 months |
> | | 03/23/2023 |
> | Jail credit | 348 days |
> | End date | 04/09/2022 |
>
> If you receive full credit for good time, that would mean a further reduction:
>
> | | |
> |---|---|
> | 04/09/2022 | good time credit 329 days |
> | End date | 05/15/2021 |
>
> So having looked at the numbers and looked at what BOP calculated, I think BOP has calculated your release date correctly. They actually calculated it to be a day sooner than I did, so I would go with that.
>
> Your release date gives you credit for the time you served prior to sentencing, and it also takes into consideration your good time. . . The judge has no authority to change your sentence.

ECF No. 1-1 at 19–20.

In sum, Petitioner has received all credit to which she is entitled, and her request for relief is without merit.

## V.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition [ECF No. 1] be **DENIED** and **DISMISSED WITH PREJUDICE**.

The undersigned further recommends that Petitioner's Motion for Default Judgment [ECF No. 14] be **DENIED**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 21, 2019

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE