# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MELINDA SMITH,**

    Petitioner,

**v.**                                                     **CIVIL ACTION NO.: 3:18-CV-55**
                                                                                  **(GROH)**

**WARDEN ENTZEL OF SFF HAZELTON,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 15. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on June 21, 2019. In the R&R, he recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed with prejudice.

### I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and

of a Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The R&R was mailed to the Petitioner by certified mail on June 21, 2019. ECF No. 15. The Petitioner accepted service on June 26, 2019. ECF No. 16. On July 11, 2019, the Court granted the Petitioner an extension of time to file objections. ECF No. 19. The Petitioner filed objections on August 19, 2019. ECF No. 21. Accordingly, the Court will review the portions of the R&R to which the Petitioner objects *de novo*.

## II. Background

On April 16, 2018, the pro se Petitioner filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the calculation of her sentence. ECF No. 1. In her petition, the Petitioner asserted three grounds for relief. In ground one of her petition, the Petitioner asserts that it is her "fundamental right to receive credit for time served prior to sentencing." Id. at 5. In ground two of her petition, the Petitioner asserts that her jail credit and good conduct credit have been miscalculated because she should be released around April 14, 2020, not May 14, 2021 as calculated by the Bureau of Prisons. Id. at 6. In ground three of her petition, the Petitioner asserts that her "computation begins on the date [she was] received in custody." Id. The Petitioner requests that she "be credited the 348 days [she] was in Federal Custody awaiting sentencing and [her] 329 days for Good Conduct Time which totals 677 days." Id. at 8.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein; however, it will briefly outline the most relevant facts of this case.

On April 13, 2015, an Indictment was returned in the Western District of Virginia against the Petitioner. The following day, the Petitioner was taken into custody. On May 19, 2015, the Petitioner entered a plea of guilty pursuant to a written plea agreement with the Government. On March 23, 2016, the Petitioner was sentenced to a total term of imprisonment of 84 months.

### III. Applicable Law

The Attorney General, acting through the Bureau of Prisons, has responsibility for calculating a defendant's jail credit. United States v. Wilson, 503 U.S. 329, 331-32 (1992). When calculating a defendant's credit for time served, the BOP should follow 18 U.S.C. § 3585, which provides:

> (a) Commencement of sentence – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence, at the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody – A defendant shall be given credit toward the service of a term of imprisonment for any time he *has spent* in official detention prior to the date the sentence commences –
>
>> (1) as a result of the offense for which the sentence *was imposed*; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585 (emphasis added).

## IV. Discussion

In this case, Magistrate Judge Trumble found that the Petitioner has received all credit to which she is entitled, and her request for relief is without merit. Specifically, Magistrate Judge Trumble found that the BOP calculated the Petitioner's sentence to begin on March 23, 2016, the date she was sentenced in the Western District of Virginia. The BOP credited the Petitioner "348 days of jail credit in calculating her sentence, and further that [the] Petitioner has a projected earning of 329 days of good conduct time, giving her a projected satisfaction date of May 14, 2021[1]—as opposed to her original projected satisfaction date of March 23, 2023, without the credits. ECF No. 15 at 8. The Petitioner believes her sentence computation date should begin on April 14, 2015, the date she was detained, rather than March 23, 2016, the date she was sentenced.

In the Petitioner's objections she contends that her sentence computation date is April 14, 2015, which is the same argument she sets forth in her Petition. However, as Magistrate Judge Trumble accurately found, the BOP's calculation, rather than the Petitioner's calculation, is an accurate calculation of the Petitioner's credit for time served and good conduct time. The Petitioner's sentence began on March 23, 2016, the date she was sentenced, and not April 14, 2015, the date she was initially detained. Accordingly, the Petitioner's objections are without merit.

---

1 On June 20, 2019, the BOP Inmate Locator Service displayed a release date of March 23, 2021. See ECF No. 15 at 8, fn. 9. However, as of December 12, 2019, the BOP's Inmate Locator Service displays a release date of March 26, 2021. Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

4

## V. Conclusion

For the aforementioned reasons, the Petitioner's objections are **OVERRULED** and Magistrate Judge Trumble's Report and Recommendation [ECF No. 15] is **ORDERED ADOPTED**. Accordingly, the Petitioner's § 2241 Petition [ECF No. 1] is **DENIED** and **DISMISSED WITH PREJUDICE.** The Petitioner's Motion for Default Judgment [ECF No. 14] is **DENIED**.

The Clerk is **DIRECTED** to strike this matter from the Court's active docket. The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein and to mail a copy of this Order to the pro se Petitioner by certified mail, return receipt requested.

**DATED:** December 13, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE